IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                              Plaintiff,<br><br>V.<br><br>BARRETT DISTRIBUTION CENTERS, LLC<br><br>and<br><br>SUPREME STAFFING, LLC,<br><br>                              Defendant. | Civ. No.: 2:23cv2507 |

## ANSWER OF BARRETT DISTRIBUTION CENTERS, LLC

Defendant Barrett Distribution Centers, LLC ("Barrett") asserts the following admissions, defenses, and denials to the Complaint of Plaintiff Equal Employment Opportunity Commission ("EEOC"):

1. Barrett admits that this Court has jurisdiction over this matter.

2. Barrett admits that venue is proper in this District. Barrett denies the remaining allegations set forth in Paragraph 2 of the Complaint.

3. Barrett admits the allegations set forth in Paragraph 3 of the Complaint.

4. Barrett admits the allegations set forth in Paragraph 4 of the Complaint.

5. Barrett admits the allegations set forth in Paragraph 5 of the Complaint.

6. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore denies the same.

7. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore denies the same.

8. Barrett admits that Francisco Alvarez filed a Charge with the EEOC alleging violations of Title VII of the Civil Rights Act of 1964, as amended. Barrett denies the remaining allegations set forth in Paragraph 8 of the Complaint.

9. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint as Paragraph 9 does not identify the Defendant to which it occurs. As such, Barrett denies the allegations set forth in Paragraph 9 of the Complaint.

10. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint as Paragraph 10 does not identify the Defendant to which it occurs. As such, Barrett denies the allegations set forth in Paragraph 10 of the Complaint.

11. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint as Paragraph 11 does not identify the Defendant to which it occurs. As such, Barrett denies the allegations set forth in Paragraph 11 of the Complaint.

12. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint as Paragraph 12 does not identify the Defendant to which it occurs. As such, Barrett denies the allegations set forth in Paragraph 12 of the Complaint.

13. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies the same.

14. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore denies the same.

15. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies the same.

16. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies the same.

17. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies the same.

18. Barrett denies the allegations set forth in Paragraph 18 of the Complaint.

19. Barrett denies the allegations set forth in Paragraph 19 of the Complaint.

20. Barrett denies the allegations set forth in Paragraph 20 of the Complaint.

21. Barrett admits the allegations set forth in Paragraph 21 of the Complaint.

22. Barrett admits the allegations set forth in Paragraph 22 of the Complaint.

23. Barrett admits the allegations set forth in Paragraph 23 of the Complaint.

24. Barrett admits the allegations set forth in Paragraph 24 of the Complaint.

25. Barrett denies the allegations set forth in Paragraph 25 of the Complaint.

26. Barrett denies the allegations set forth in Paragraph 26 of the Complaint.

27. Barrett denies the allegations set forth in Paragraph 27 of the Complaint.

28. Barrett denies the allegations set forth in Paragraph 28 of the Complaint.

29. Barrett denies the allegations set forth in Paragraph 29 of the Complaint.

30. Barrett admits that it requested that Alvarez be removed from Barrett. Barrett denies the remaining allegations set forth in Paragraph 30 of the Complaint.

31. Barrett admits that it could preclude Supreme employes from working at Barrett.

32. Barrett admits the allegations set forth in Paragraph 32 of the Complaint.

33. Barrett denies the allegations set forth in Paragraph 33 of the Complaint.

34. Barrett denies the allegations set forth in Paragraph 34 of the Complaint.

35. Barrett admits the allegations set forth in Paragraph 35 of the Complaint.

36. Barrett admits that Alvarez was supposed to be the point of contact for Supreme employees at Barrett and was supposed to coordinate placement of Supreme employees at Barrett.

37. Barrett denies the allegations set forth in Paragraph 37 of the Complaint.

38. Barrett denies the allegations set forth in Paragraph 38 of the Complaint.

39. Barrett denies the allegations set forth in Paragraph 39 of the Complaint.

40. Barrett denies the allegations set forth in Paragraph 40 of the Complaint.

41. Barrett denies the allegations set forth in Paragraph 41 of the Complaint.

42. Barrett denies the allegations set forth in Paragraph 42 of the Complaint.

43. Barrett denies the allegations set forth in Paragraph 43 of the Complaint.

44. Barrett denies the allegations set forth in Paragraph 44 of the Complaint.

45. Barrett denies the allegations set forth in Paragraph 45 of the Complaint.

46. Barrett denies the allegations set forth in Paragraph 46 of the Complaint.

47. Barrett admits that it contacted Supreme and requested that Supreme remove Alvarez from Barrett's location.  Barrett denies the remaining allegations set forth in Paragraph 47 of the Complaint.

48. Barrett denies the allegations set forth in Paragraph 48 of the Complaint.

49. Barrett admits the allegations set forth in Paragraph 49 of the Complaint.

50. Barrett denies the allegations set forth in Paragraph 50 of the Complaint.

51. Barrett denies the allegations set forth in Paragraph 51 of the Complaint.

52. Barrett denies the allegations set forth in Paragraph 52 of the Complaint.

53. Barrett denies the allegations set forth in Paragraph 53 of the Complaint.

54. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Complaint and therefore denies the same.

55. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint and therefore denies the same.

56. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint.

57. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint.

58. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint.

59. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint.

60. Barrett admits that it learned that Alvarez placed Supreme employees at Barrett facilities after Supreme replaced Alvarez as the on-site supervisor at Barrett.

61. Barrett admits that Barrett told Supreme that it did not want Alvarez to work on its account due to Alvarez's failures while working on the Barrett account.

62. Barrett denies the allegations set forth in Paragraph 62 of the Complaint.

63. Barrett is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint and therefore denies the same.

64. Barrett denies the allegations set forth in Paragraph 64 of the Complaint.

65. Barrett denies the allegations set forth in Paragraph 65 of the Complaint.

66. Barrett denies the allegations set forth in Paragraph 66 of the Complaint.

67. Barrett denies the allegations set forth in Paragraph 67 of the Complaint.

68. Barrett denies any allegations that are not expressly admitted herein.

69. Barrett denies that the EEOC is entitled to an injunction or that the EEOC or Alvarez is entitled to any monetary relief from Barrett.

## AFFIRMATIVE AND OTHER DEFENSES

1. Barrett was not Alvarez's employer or joint employer.

2. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

3. Upon information and belief, Alvarez may have failed to mitigate any damages that he has allegedly incurred.

4. To the extent that Alvarez has earned wages since the termination of heis employment with Supreme, the Defendants are entitled to an offset.

5. At all times, Barrett acted in accordance with and in good faith compliance of federal and state law with respect to Alvarez.

6. The EEOC's claims regarding alleged retaliation are barred because there is no causal connection between the alleged protected conduct and Barrett's request to remove Alvarez from Barrett.

7. Barrett did not cause Alvarez to suffer an adverse employment action.

8. The EEOC's claims are barred, in whole or in part, and any recovery of damages is precluded, because it cannot establish a prima facie case of discrimination or retaliation in violation of any federal, state, or local law or regulation with respect to Barrett and Alvarez.

9. To the extent Alvarez and the EEOC seek punitive damages, the claims are barred because Barrett did not engage in any conduct which would rise to the level required to sustain an award of punitive or liquidated damages, and/or the EEOC will be unable to establish sufficient facts at trial to legally support an award of punitive damages.

10. Barrett reserves the right to rely on each and every additional defense that may become known to it through the course of this litigation, including discovery, trial, or otherwise. Barrett expressly reserves the right to amend this Answer, to assert different or additional defenses, or to otherwise amend any of its denials or averments.

Accordingly, this Court should:

(1) Dismiss with prejudice all claims asserted by Alvarez and the EEOC in the Complaint;

(2) Grant judgment against Plaintiff for all reasonable attorneys' fees and expenses, including all discretionary or other costs, incurred by Barrett pursuant to 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 12117(a); and

(3) Grant such and other further relief in favor of Barrett and against Plaintiff as the Court deems just and proper.

Respectfully submitted this 7th day of November, 2023.

*/s/ Jennifer S. Rusie*
Jennifer S. Rusie
**JACKSON LEWIS P.C.**
CitySpace
611 Commerce Street, Suite 3102
Nashville, TN  37203
Phone:  615-565-1661
Email: jennifer.rusie@jacksonlewis.com

*ATTORNEYS FOR BARRETT DISTRIBUTION CENTERS, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2023, the foregoing *Unopposed Motion for Extension of Time* was served via the Court's ECF system upon the following:

Faye A. Williams, Esq.
Amy Black, Esq.
Roslyn Griffin Pack, Esq.
Gary Sullivan, Esq.
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Memphis District Office
200 Jefferson Avenue, Suite 1400
Memphis, TN  38103
faye.williams@eeoc.gov
amy.black@eeoc.gov
roslyn.griffin-pack@eeoc.gov
gary.sullivan@eeoc.gov

/s/ *Jennifer S. Rusie*
Jennifer R. Rusie

4892-0174-3757, v. 1