**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,**

        **Plaintiff,**

        **v.**

**BARRETT DISTRIBUTION, INC.,
SUPREME STAFFING, LLC,**

        **Defendants.**

**CIVIL ACTION NO.
2:23-cv-02507-SHL-tmp**

**JURY TRIAL DEMAND**

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT SUPREME STAFFING'S MOTION TO DISMISS**

---

Plaintiff Equal Employment Opportunity Commission (EEOC or Commission) asks this Court to deny Defendant Supreme Staffing, LLC's (Supreme) Motion to Dismiss the EEOC's Complaint.[1] The Complaint, when viewed in the light most favorable to the Commission, alleges sufficient facts to support its allegations that Supreme transferred Francisco Alvarez (Alvarez) in retaliation for Alvarez's claims of discrimination. Supreme's claims to the contrary lack merit and are not supported by even the dimmest reading of the Complaint.

**RELEVANT FACTS**

The Commission filed this lawsuit under Title VII of the Civil Rights Act of 1964 on August 15, 2023.[2] The Commission alleged two legal claims against Defendants Supreme and Barrett Distribution, Inc. (Barrett) – Count 1) Retaliatory Transfer and Count 2) Retaliatory

---

[1] Although Supreme titles its motion as a motion to dismiss, it is instead a Partial Motion to Dismiss as Supreme only seeks to dismiss one of the Commission's claims filed against it. Supreme did not respond to the Commission's remaining allegations filed against Supreme.

[2] Doc. No. 1.

Discharge.[3] The Commission contends Supreme discriminated against Alvarez when it complied with Barrett's request to transfer Alvarez from Barrett's worksite in retaliation for Alvarez's complaints of race and national origin discrimination.[4] The Commission further contends Supreme discriminated against Alvarez when it terminated him in retaliation for making those same complaints.[5]

On October 23, 2023, Supreme moved to dismiss Count 1 of the Complaint filed against Supreme because it alleges the Commission did not plead Supreme had knowledge of Alvarez' protected activity.[6]  Neither the facts nor case law support Supreme's position.

## STANDARD OF REVIEW

Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is inappropriate if the complaint 1) contains a short and plain statement of the claim under Fed. R.Civ. P. 8(a)(2) showing that the pleader is entitled to relief, and 2) contains enough information to state a facially plausible legal claim. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). A party meets this standard by alleging facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Commission's complaint meets this standard.

## ARGUMENTS & AUTHORITIES

**The Commission's Complaint Contains Sufficient Facts to Establish a Claim of Retaliatory Transfer Against Defendant Supreme**

In *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002), the Supreme Court held an employment discrimination plaintiff is not required to plead a prima facie case of discrimination because the McDonnell-Douglas framework is an evidentiary standard, not a pleading standard.

---

[3] *Id.*
[4] *Id.* at ¶¶47-53.
[5] *Id.* at ¶¶60-57.
[6] Doc. No. 19.

2

Thus, the fact that the Complaint does not contain a specific statement that Supreme had knowledge of Alvarez's protected activity is not fatal to this lawsuit. Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Keys v. Humana*, *Inc.*, 684 F.3d 605, 609 (6th Cir. 2012), quoting *Erickson v. Pardus,* 551 U.S. 89, 93, (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, (2007)). Rather, the Commission is simply required to "allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference,' that Defendant discriminated against Plaintiff." *Key v. Humana, Inc.*, 684 F.3d at 610. The Commission complied with this requirement.

The Complaint alleges Defendants jointly employed Alvarez.[7] And as Alvarez's joint employers, a reasonable inference can be drawn that Supreme had knowledge of Alvarez's race discrimination complaints to Barrett, as evinced when they responded to those complaints by transferring Alvarez from Barrett's site. Even if that were not so, the Commission specifically asserts Barrett communicated with Supreme and directed Supreme to remove Alvarez from Barrett's accounts because of Alvarez's complaints about discrimination.[8] These allegations, as much as they vex Supreme, state more than a plausible claim for relief and are sufficient to raise a reasonable expectation that discovery will reveal dispositive evidence of whether discrimination occurred. The law requires nothing more at this stage. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)(a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely.") Supreme's

---

[7] Doc. No. 1, ¶25.
[8] Doc. No. 1, ¶¶47-49.

3

disagreement with the accuracy or denial of the Commission's factual allegations is of no consequence at this stage of litigation.

Supreme's reliance on *Price v. United Parcel Serv.*, No. 12-2760, 2013 WL 2324155, at *5 (W.D. Tenn. May 28, 2013) is misplaced. In *Price,* a *pro se* plaintiff did not plead sufficient facts in his complaint but did attach a copy of his charge of discrimination to the complaint. The Court held that it could consider the charge of discrimination when evaluating the sufficiency of the pleadings. The narrative included in the discrimination charge, like the complaint in *Price,* however, did not allege specific facts sufficient to infer retaliation. That is not the case here.

Here, as stated above, the EEOC's Complaint alleges specific facts that connect Alvarez's protected activity – his complaints of discrimination – to the adverse action by Supreme, removal from the jobsite. Namely, the Commission alleges that less than a month after Alvarez complained of discrimination, Barrett contacted Supreme and asked that Supreme remove Alvarez from Barrett's worksite.[9] Supreme complied with Barrett's request and removed Alvarez. The Commission believes Barrett's request, and Supreme's decision to remove Alvarez from the worksite, was done in retaliation for Alvarez's complaint of unlawful discrimination.[10] The fact that Supreme removed Alvarez from Barrett's worksite less than a month after Alvarez engaged in protected activity illustrates a causal connection between Alvarez's protected activity and Supreme's adverse action. These facts provide a reasonable inference that the Commission can meet the essential elements of its retaliatory transfer claim. Supreme's claims to the contrary lack merit and the Court should deny Supreme's motion to dismiss.

---

[9] Doc No. 1 at ¶47-50.
[10] *Id.*

## CONCLUSION

For the reasons stated above, the EEOC requests that this Court deny Supreme's Motion to Dismiss. Again, when viewed in the light most favorable to the Commission, the Complaint demonstrates the Commission alleged sufficient facts to support Count I of this lawsuit: Retaliatory Transfer. Supreme's claims to the contrary lack merit.[11]

Date: November 20, 2023.

ATTORNEYS FOR PLAINTIFF

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730
faye.williams@eeoc.gov

AMY BLACK
Assistant Regional Attorney
TN Bar No. 016102
amy.black@eeoc.gov

MARKEISHA SAVAGE
Trial Attorney
TN Bar 024693
markeisha.savage@eeoc.gov

*/s/ Roslyn Griffin Pack*
ROSLYN GRIFFIN PACK
Trial Attorney
MS Bar No. 103317
roslyn.griffin-pack@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
200 Jefferson Avenue, Suite 1400
Memphis, TN 38103
(901) 701-6445

---

[11] Supreme has not asserted that the Commission failed to plead sufficient facts for Count II. Therefore, the Commission's response does not address that claim.

GARY SULLIVAN
Assistant Regional Attorney
Arkansas Bar No. 92051
gary.sullivan@eeoc.gov

MARYNA JACKSON
Trial Attorney
AR Bar. 2009111
maryna.jackson@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR 72201
Telephone: (901) 685-4642

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing document with the Clerk of the

Court using the ECF system, which should send notification of filing to all counsel of record.

| | |
|---|---|
| Zachary B. Busey | zbusey@bakerdonelson.com |
| Dean J. Shauger | dshauger@bakerdonelson.com |
| Mary Katherine Smith | mksmith@bakerdonelson.com |
| Whitney Dowdy | wdowdy@bakerdonelson.com |

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ**
165 Madison Avenue Suite 2000
Memphis, TN 38103
(901) 526-2000

Jennifer S. Rusie                    Jennifer.rusie@jacksonlewis.com

**JACKSON LEWIS**
611 Commerce St.,  Suite 2803
Nashville, TN 37203

6

This, the 20th day of November, 2023.

/s/ Roslyn Griffin Pack
ROSLYN GRIFFIN PACK