# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,    ) ) ) | |
| Plaintiff,    ) ) | Civil Action No. 2:23-cv-02507-SHL-tmp |
| v.    ) ) | |
| BARRETT DISTRIBUTION CENTERS, LLC and SUPREME STAFFING LLC,    ) ) ) | JURY DEMAND |
| Defendants.    ) | |

## SUPREME STAFFING'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

The EEOC pleads no fact plausibly establishing Supreme Staffing's knowledge of any protected activity that forms the basis of Count I. Knowledge of the protected activity is required for a claim of Title VII retaliation. It is essential. It is necessary. Without it, it cannot be said that a Title VII retaliation claim is plausibly pleaded. The EEOC focuses its Response (Doc. 27) not on whether knowledge is essential. The EEOC does not contest that knowledge is essential, nor could it. The EEOC instead focuses on the evidentiary framework it will use to prove its case, *McDonnel Douglas*, and then argues it need not plead a prima facie case under *McDonnell Douglas*. The EEOC's focus is misplaced, and its argument misses the mark. This Motion does not challenge how the EEOC will prove its case. This Motion challenges whether the EEOC has plausibly pleaded Count I of its case, whether it has alleged sufficient facts. The EEOC has not. The EEOC pleads no fact plausibly establishing Supreme Staffing's knowledge of any protected activity that forms the basis of Count I. Count I is not plausibly pleaded as to Supreme Staffing. As to Supreme Staffing, Count I should be dismissed with prejudice.

4870-4886-2612

**I.     FURTHER ARGUMENTS & AUTHORITIES**

    **A.     *Swierkiewicz* provides no exception to the Supreme Court's subsequent mandates in *Twombly* and *Iqbal.***

In *Swierkiewicz*, the Supreme Court rejected an employment-specific pleading standard enforced by the Second Circuit. Specifically, the Supreme Court rejected the Second Circuit's requirement that, under *McDonnell Douglas*, a plaintiff plead all elements of a prima facie case of discrimination. Why? Because "it seems incongruous," answered the Supreme Court, "to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511-12 (2002). Evidentiary frameworks vary. That is why the Supreme Court rejected the Second Circuit's requirement that a plaintiff plead in compliance with one single evidentiary framework: *McDonnell Douglas*. The *Swierkiewicz* Court, however, did not set a pleading standard for discrimination cases, nor any other kind of case. That would come later with *Twombly* and *Iqbal*.

*Twombly* and *Iqbal* superseded and replaced the "no set of facts" standard from the Supreme Court's *Conely* decision. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (describing *Conley*'s no-set-of-facts standard as "an incomplete, negative gloss on an accepted pleading standard"). Facial plausibility is the crux of *Twombly* and *Iqbal*. A plaintiff must plead sufficient facts to make plausible on the face of the complaint a plaintiff's entitlement to relief. To have facial plausibility, facts (actual facts, not conclusions) must be pleaded regarding the essential elements of a claim—not of an evidentiary standard, like *McDonnell Douglas*, but of the claim. "And when a complaint fails to allege a necessary element of the claim, it must be dismissed." *Snyder v. United States*, 590 F. App'x 505, 510 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *accord Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)

("To survive a motion to dismiss . . . a complaint must contain . . . allegations respecting all the material elements to sustain a recovery . . . .").[1]

*Swierkiewicz*, to be sure, did not change the law of pleading, as the EEOC now suggests. (Response, PageID 71-72.) *Swierkiewicz* "offers no gateway for a plaintiff to side-step the 'plausibility' standard laid out in *Twombly* and *Iqbal*." *Smith v. Wrigley Mfg. Co., LLC*, 749 F. App'x 446, 448-49 (6th Cir. 2018) (citing *Keys v. Humana, Inc.*, 684 F.3d 605, 609-10 (6th Cir. 2010)).[2] At least twice before the EEOC has made this same argument, that *Swierkiewicz* relieves it from complying with *Twombly* and *Iqbal*'s plausibility standard. "The EEOC suggests that the pleading standard for employment discrimination claims," observed a Michigan district court in 2011, "is not governed by *Twombly* or *Iqbal*, but by *Swierkiewicz*." *E.E.O.C. v. Wells Fargo Fin. Michigan, Inc.*, 2011 WL 1690037, at *3 (E.D. Mich. May 4, 2011).[3] "The EEOC's reliance on *Swierkiewicz*," continued the court, "is misplaced." *Id*. Years in later, in 2018, a district court in Hawai'i likewise rejected the EEOC's reliance on *Swierkiewicz*. The EEOC, the court ruled, must "still plead some facts tending to prove that element" because it "remains a necessary component of the claim." *E.E.O.C. v. MJC, Inc.*, 306 F. Supp. 3d 1204, 1223 (D.

---

[1] *See also Fogle v. Carmax Auto Fin.*, 2023 WL 3821519, at *4 (W.D. Mich. May 17, 2023) ("A complaint that 'fails to include factual allegations for an essential element of the cause of action does not state a claim to relief that is plausible . . . .") (cleaned up)), *report and recommendation adopted*, 2023 WL 3816597 (W.D. Mich. June 5, 2023); *Boulder Healthcare, LLC v. Boulder FG Holdings LLC*, 2023 WL 2772347, at *2 (N.D. Ohio Mar. 8, 2023) ("Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.") (citing *Craighead v. E.F. Hutton & Co., Inc*., 899 F.2d 485, 489-90 (6th Cir. 1990)).

[2] *See also Doe v. Miami Univ.*, 882 F.3d 579, 589 (6th Cir. 2018) (acknowledging how *Keys* reconciled *Twombly* and *Iqbal* with *Swierkiewicz* and affirming a Title VII plaintiff must still plead "sufficient factual allegations" as to a "required element").

[3] The court ultimately denied the defendant's motion to dismiss because of the EEOC's then-pending request for leave to amend. *See* 2011 WL 1690037, at *4. Here, however, the EEOC has made no request for leave to amend.

4870-4886-2612

Haw. 2018) (granting motion to dismiss in ADA case). *Swierkiewicz* did not change the law of pleading. The EEOC must meet *Twombly* and *Iqbal*'s plausibility standard. It has not. The EEOC has not plausibly pleaded Count I as to Supreme Staffing. It pleads no fact plausibly establishing Supreme Staffing's knowledge of any protected activity that forms the basis of Count I.

      **B.**      **The EEOC does not contest that knowledge of any protected activity is required for a claim of Title VII retaliation, nor could it.**

"Regardless of whether employer knowledge is a stand-alone element of a prima facie case of [Title VII] retaliation," the Sixth Circuit has affirmed, "it is fairly clear from Sixth Circuit case law that employer knowledge of a plaintiff's protected activity is required." *Scott v. Eastman Chem. Co.*, 275 F. App'x 466, 482 (6th Cir. 2008) (alteration added). "[T]he defendant must have known about the protected activity in order for it to have motivated the adverse action." *Thaddeus-X v. Blatter*, 175 F.3d 378, 387, n.3 (6th Cir. 1999) (en banc). The EEOC does not contest this,[4] nor could it. An employer's knowledge of the protected activity is required for a claim of Title VII retaliation.

      **C.**      **The EEOC pleads no fact plausibly establishing Supreme Staffing's knowledge of any protected activity that forms the basis of Count I.**

With respect to Mr. Alvarez's Count I protected activity, the Complaint alleges that Mr. Alvarez purportedly engaged in protected activity *with* Barrett and *while at* Barrett. There is no allegation that Supreme Staffing was involved in any of Mr. Alvarez's Count I protected activity.

---

[4] *Cf. Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"); *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding that a plaintiff's failure to oppose arguments raised in the defendants' motion to dismiss is grounds for the district court to assume that opposition to the motion is waived).

4870-4886-2612

There is no allegation that any of it was directed to Supreme Staffing. And there is no allegation that Supreme Staffing was told about any of it. The Complaint, in fact, specifically pleads what Barrett allegedly told Supreme Staffing regarding Mr. Alvarez: "Barrett . . . requested [Mr. Alvarez's] removal" because "it evaluated [Mr. Alvarez's] performance and was unhappy with it." (Complaint, Doc. 1, ¶ 30.)

Now, in its Response, the EEOC attempts to re-write this last allegation, telling the Court that the Complaint "specifically asserts Barrett communicated with Supreme and directed Supreme to remove Alvarez from Barrett's accounts *because of Alvarez's complaints about discrimination*." (Response, PageID 72 (emphasis added).) No, it does not. "Barrett . . . requested [Mr. Alvarez's] removal" because "it evaluated [Mr. Alvarez's] performance and was unhappy with it." (Complaint, Doc. 1, ¶ 30.) That is it. There is no allegation that Barrett communicated to Supreme Staffing anything about any complaints. The EEOC cannot now re-write the Complaint in response to this motion.[5] It likewise cannot ignore its own allegation, and neither should the Court. "To be sure, a district court cannot ignore facts alleged in the complaint that undermine the plaintiff's claim." *Bower v. Vill. of Mount Sterling*, 44 F. App'x 670, 677 (6th Cir. 2002) (internal citation omitted). The EEOC pleaded what Barrett supposedly told Supreme Staffing in requesting Mr. Alvarez's removal: "it evaluated [Mr. Alvarez's] performance and was unhappy with it." (Complaint, Doc. 1, ¶ 30.) There are no further (or additional or different) facts alleged in the Complaint.

Recognizing as much, the EEOC later argues that "the fact that Supreme removed Alvarez from Barrett's worksite less than a month after Alvarez engaged in protected activity

---

[5] A plaintiff cannot "amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020).

4870-4886-2612

illustrates a causal connection between Alvarez's protected activity and Supreme's adverse action." (Response, PageID 73.)  Temporal proximity does not plausibly impute knowledge to Supreme Staffing.  The EEOC cites no authority holding otherwise.  No such authority exists.  Temporal proximity is not even a factor unless and until an employer has knowledge of the claimed protected activity.  *See Mangold v. Norfolk S. Ry. Co.*, 2021 WL 5904091, at *5 (6th Cir. Dec. 14, 2021) (rejecting a plaintiff's reliance on temporal proximity when the decisionmaker had no knowledge of the protected activity).  The EEOC's "temporal proximity" argument does not overcome the absence of facts in the Complaint.

The Complaint contains no allegation that Supreme Staffing was told about any of Mr. Alvarez's Count I protected activity.  There is no allegation that any of it was directed to Supreme Staffing.  And there is no allegation that Supreme Staffing was involved in any of it.  "For how can decisionmakers retaliate against an employee for taking protected activity if they do not know about the protected activity?"  *Mangold*, 2021 WL 5904091, at *5 (internal quotation omitted).  They cannot.  It is not plausible.  The EEOC pleads no fact plausibly establishing Supreme Staffing's knowledge of any protected activity that forms the basis of Count I.  Count I, therefore, is not plausibly pleaded as to Supreme Staffing.

> **D.    The Supreme Court requires plausible pleading to open the door to discovery, and this Court should, too.**

The EEOC assures the Court that, ultimately, it "can meet the essential elements" of Count I as to Supreme Staffing. (Response, PageID 73.)  "[D]iscovery will reveal dispositive evidence of whether discrimination occurred." (*Id.*, PageID 72.)  Discovery, however, is not available unless a plaintiff first plausibly pleads a claim.  But for a plausibly pleaded claim, a plaintiff "is not entitled to discovery, cabined or otherwise." *Iqbal*, 556 U.S. at 686.  "The language of *Iqbal*, 'not entitled to discovery,' is binding on the lower federal courts." *New*

*Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (affirming dismissal even if required facts "are only within the head or hands of the defendants"). The EEOC's promise of discovery does not—and should not be allowed to—defeat this Motion. The Supreme Court requires plausible pleading to open the door to discovery. The EEOC has not plausibly pleaded Count I as to Supreme Staffing.

## II.  CONCLUSION

The Supreme Court has rejected the notion that a claim could survive a motion to dismiss, like here, "whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery."[6] "Dismissal," as one court succinctly said it, "is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief."[7] And, as the Sixth Circuit again affirmed just last year, a court may not "conjure up unpleaded facts to support conclusory allegations."[8] The Sixth Circuit's decision is often cited with respect to pro se plaintiffs, but the holding is not so limited. A court can no more "conjure up" unpleaded facts for a pro se litigant than it can the EEOC. Yet that is what the EEOC presumes the Court will do here: conjure up facts to make plausible Supreme Staffing's knowledge of the protected activity that forms the basis of Count I. The Court should decline the EEOC's invitation to conjure up what the EEOC has not pleaded. The EEOC pleads no fact plausibly establishing Supreme Staffing's knowledge of any protected activity that forms the basis of Count I. Count I is not plausibly pleaded as to Supreme Staffing. As to Supreme Staffing, it should be dismissed with prejudice.

---

[6] *Twombly*, 550 U.S. at 561.

[7] *Townsend v. Rockwell Automation, Inc.*, 2022 WL 524773, at *3 (N.D. Ohio Feb. 22, 2022), *aff'd*, 2022 WL 19225413 (6th Cir. Oct. 25, 2022).

[8] *Williams v. Hall*, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Serv.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

Respectfully submitted, this, the 4th day of December, 2023.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**
Tennessee Bar No. 29763
zbusey@bakerdonelson.com

**WHITNEY M. DOWDY**
Tennessee Bar No. 24985
wdowdy@bakerdonelson.com

**MARY KATHERINE SMITH**
Tennessee Bar No. 35328
mkcampion@bakerdonelson.com

**DEAN J. SHAUGER**
Tennessee Bar No. 39746
dshauger@bakerdonelson.com

BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone

*Attorneys for Defendant Supreme Staffing*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

This, the 4th day of December, 2023.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**