# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>SUPREME STAFFING, LLC, and  )<br>BARRETT DISTRIBUTION CENTERS, LLC,  )<br>)<br>Defendants.  ) | Case No. 2:23-cv-02507-SHL-tmp |

## ORDER GRANTING JOINT MOTION TO ENTER CONSENT DECREE

Before the Court is the Joint Motion to Enter Consent Decree filed on January 25, 2024, by Plaintiff Equal Employment Opportunity Commission (the "EEOC") and Defendant Barrett Distribution Centers, LLC (ECF No. 30), and the [Proposed] Consent Decree submitted contemporaneously to chambers via email. In the motion, the Parties explain that they have reached a settlement to resolve the matters at issue between them in this litigation.

On August 15, 2023, the EEOC filed this lawsuit (the "Lawsuit") against Barrett Distribution Centers, LLC ("Barrett") and Supreme Staffing LLC ("Supreme"), (collectively, "Defendants"), under Title VII of the Civil Rights Act of 1964 ("Title VII"). The EEOC alleges Defendants, acting as joint employers, retaliated against Francisco Alvarez when they transferred, and ultimately discharged him, after he complained of unlawful national origin discrimination at Barrett's Memphis, Tennessee facility. Defendants deny these allegations.

The Court has reviewed the proposed consent decree (the "Decree") to ensure that it is "fair, adequate, and reasonable, as well as consistent with the public interest." United States v. Lexington-Fayette Urban Cnty. Gov't, 591 F.3d 484, 489 (6th Cir. 2010) (internal quotation marks omitted). The Court finds that it is. The Court will "retain jurisdiction over the decree during the term of its existence," but because a consent decree is "also a final judicial order," see Williams v. Vulkovich, 720 F.2d 909, 920 (6th Cir. 1983), the Court will enter a judgment dismissing the claims against Barrett with prejudice within seven days of the entry of this Order, unless the parties can show cause why those claims should not be dismissed in light of the settlement. The Court shall retain jurisdiction for the purpose of enforcing the Decree pursuant to Williams v. Vulkovich, 720 F.2d 909, 920 (6th Cir. 1983); see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381–82 (1994).

In consideration of the mutual promises of each Party to this Decree, the sufficiency of which is hereby acknowledged, it is agreed and **IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## I.     JURISDICTION

The Court has jurisdiction over the parties and the subject matter of this action.

## II.     DURATION OF THIS DECREE

This Decree and all obligations here shall only apply to Barrett's Memphis, Tennessee locations and will remain effective for three years from the date of its entry by the Court.

## III.     ISSUES RESOLVED

A.     This Decree resolves all issues and claims arising from the Charge of Discrimination filed by Francisco Alvarez, Charge No. 490-2019-01594.

B.     This Decree resolves all issues and claims arising from the EEOC's Complaint filed against Barrett in the Lawsuit (Civil Action No. 2:23-cv-02507-SHL-tmp).

## IV.     INJUNCTIVE RELIEF

Barrett shall not request transfer, removal, or termination of onsite managers for reporting or complaining about race or national origin discrimination witnessed while working onsite or virtually at Barrett facilities.

## V.     ANTI- RETALIATION POLICY

A. Barrett will create, adopt, and distribute an anti-retaliation policy ("Policy") to all staffing agencies it uses for temporary workers, including Supreme. The Policy shall include, at a minimum, the following:

1. a statement that Barrett does not condone retaliation in any form;

2. a clear explanation of prohibited conduct under the Policy, including an explanation of the complaint process onsite managers and temporary workers should follow to report retaliatory behavior by Barrett employees to Barrett. This includes providing the web address for the internet-based reporting platform, and the name, address, e-mail address, and telephone number of the human resources personnel available to receive and process retaliation complaints.

3. a statement that Barrett expressly prohibits all forms of discrimination and retaliation prohibited by the Title VII, and that such prohibition applies to temporary workers placed at Barrett facilities.

## VI.  POLICY DISTRIBUTION

    A.    Barrett must distribute the preceding Policy to its client companies or staffing agencies within thirty days of the date of entry of this Decree.

    B.    Within thirty days of entry of this Decree, and annually within thirty days of the anniversary of entry of this Decree, Barrett must certify in writing that it distributed the policy in accordance with the above terms and include a list of staffing agencies to whom the Policy was distributed.

## VII.  MONETARY RELIEF

    A.    Barrett shall pay a total of $60,000 (Settlement Amount) to resolve the Lawsuit.

    B.    The payment must be made within thirty days of this Court's entry of the Decree.

    C.    Late payment must be subject to the accrual of interest pursuant to 28 U.S.C. § 1961, unless the delay is caused by problems not created by Barrett.

    D.    Barrett will issue Alvarez an IRS Form 1099 for the compensatory damages amount and list the amount as "other income."

    E.    Barrett shall make a lump-sum payment of all remitted funds within thirty calendar days after the effective date of this Decree.  Barrett shall contemporaneously transmit a copy of the checks and any accompanying correspondence to the EEOC.

    F.    As a condition of receiving payment, Alvarez will execute the form Release attached as Appendix A.

    G.    All payments will be subject to the reporting requirements outlined in Appendix B.

### VIII.   TRAINING

A. Barrett shall provide annual training on Title VII retaliation at the Memphis, Tennessee location that is the subject of the Lawsuit during the duration of the Decree. The training must be in person. All managers, onsite managers, and supervisors in Barrett's Memphis, Tennessee location that is the subject of the Lawsuit must attend the training.

B. Barrett will provide the training materials in English and Spanish.

C. The training required in the preceding paragraphs will be conducted by an attorney, a certified Society for Human Resource Management professional, or a similarly qualified trainer.

D. The training session for the first year will occur within ninety days of entry of this Decree or thirty days of any revisions to the protocol, whichever is later.

E. The training session must last at least one hour.

F. The training must consist of, among other things, the following:

    1. a discussion of the history of Title VII of the Civil Rights Act of 1964;

    2. a discussion of what conduct constitutes race and national origin discrimination;

    3. a detailed discussion of Barrett's policies against discrimination;

    4. a discussion of Barrett's policies against retaliation;

    5. a discussion of Barrett's procedures and responsibilities for reporting, investigating, and remedying race discrimination and retaliation; and

    6. a review of Barrett's anti-retaliation policy.

G. Within thirty days of the training described in this Section, Barrett must submit to the EEOC:

    1. a copy of the training materials;

        2.        documentation showing the training occurred; and

        3.        a roster showing the names and position titles of the employees who attended the training.

H.        All onsite managers and staffing agency liaisons must receive a copy of the updated policies and training materials within thirty days of entry of this Decree.

## IX.    RECORDKEEPING

A.        During the duration of this Decree, Barrett agrees to collect, retain, and provide to the EEOC, within 15 business days of a written request, and no more than twice per 12-month period, the following information with respect to the location that is the subject of the Lawsuit:

        1.        a list of all applicants or employees who made a formal written complaint about discrimination in placement, referral, or selection.

        2.        the steps Barrett took to investigate the complaint(s); and

        3.        a copy of Barrett's response to the complaint(s).

## X.    REPORTING

A.        Barrett must provide the EEOC with semi-annual reports during the duration of the Decree with respect to the location that is the subject of the Lawsuit. The report shall contain the following:

        1.        certification that Barrett conducted the training listed in Section XII;

        2.        a copy of the training materials; and

        3.        a roster showing the names and position titles of the employees who attended the training.

## XI.   NOTICE POSTERS

A. Within 30 days of the effective date and, throughout the duration of the term of this Decree, Barrett must post the Notice to Employees attached as Appendix C at its Memphis, Tennessee location that is the subject of the Lawsuit.

B. The Notice must be 11 x 17 inches, at least 12-point font, and placed in a clearly visible location frequented by its employees (i.e., break rooms or bulletin boards with other employees' notices) at the Memphis, Tennessee facility that is the subject of the Lawsuit. The Notice must be in language understandable to all employees, including in English and Spanish. The Notice must remain posted during the term of this Decree.

## XII.   ENFORCEMENT

A. If the EEOC determines that Barrett has violated the Decree, the EEOC must provide Barrett with written notice of such violation and a period of thirty calendar days from receipt of the notice to cure the violation.

B. If, after the thirty-day period has expired, the EEOC believes Barrett violated the Decree and failed to cure the violation, the EEOC may petition this Court for relief. After hearing from all parties, relief found to be warranted by the Court may include further permanent or temporary injunctions, monetary relief, costs, or penalties for contempt of court.

## XIII. SEVERABILITY

If one or more provisions of this Decree are rendered unlawful or unenforceable because of a legislative act or a decision by a court of competent jurisdiction, the parties shall make good-faith efforts to agree upon appropriate amendments to the Decree to enforce the purposes of the Decree. If the parties cannot reach an agreement, the Court must order appropriate alternative provisions to implement the purposes of the Decree. Should one or more provisions of this Decree be seen as unlawful, all other lawful and enforceable provisions will remain in effect.

## XIV.  SUCCESSOR LIABILITY

During the term of this Decree, Barrett must provide any potential successor-in-interest with a copy of this Decree within a reasonable time of at least 30 days before the execution of any agreement for acquisition or assumption of control of Barrett facilities, or any other material change in LLC or company structure that would affect Barrett's facilities and shall simultaneously inform the EEOC of same.  All entities upon completion of the acquisition, merger, or consolidation will remain fully liable for compliance with this Decree.

## XV.   COSTS AND EXPENSES

The parties to and beneficiaries of this Decree must bear their own costs, attorney fees, and expenses arising from this Lawsuit.  Barrett must bear all costs associated with the administration and implementation of the obligations under this Decree.

## XVI.   NOTICES AND OTHER COMMUNICATION

All notices, certifications, reports, or other communications that this Decree requires the parties to exchange must be in writing and transmitted as follows:

1. To the EEOC, via electronic mail to: EEOC-MEDO-decree-monitoring@eeoc.gov.

2. To Barrett via email to:

    Arthur Barrett at abarrett@barrettdistribution.com with a
    cc: to Jennifer Rusie at: jennifer.rusie@jacksonlewis.com

Any party may change the contact information by written notice to the other party setting forth the new information.

**IT IS SO ORDERED,** this 29th day of April, 2024.

>   s/ Sheryl H. Lipman
>   SHERYL H. LIPMAN
>   CHIEF UNITED STATES DISTRICT JUDGE

## **APPENDIX A**
## **RELEASE OF CLAIMS**

In consideration for $60,000 paid to me by Barrett Distribution Centers, in connection with the resolution of *EEOC v. Supreme Staffing, LLC, and Barrett Distrib. Ctrs., LLC*, Civil Action No. 2:23-cv-02507-SHL-tmp, filed in the United States District Court for the Western District of Tennessee, Western Division (Lawsuit) and EEOC Charge No. 490-2019-01594, I waive my right to recover for any claims of discrimination and/or retaliation arising under Title VII of the Civil Rights Act of 1964 that I had against Barrett Distribution Centers, LLC, prior to the date of this release and that were included in the claims alleged in this Lawsuit.

_____            _____
Date                                                                             Francisco Alvarez



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Memphis District Office**

200 Jefferson Ave, Suite 1400
Memphis, TN  38103
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Memphis Direct Dial:  (901) 685-4590
FAX (901) 544-0111
Website:  www.eeoc.gov

### APPENDIX B

### EEOC REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(f) AND 6050X

The EEOC may have to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

1. Within 10 business days of the signing of this agreement, [Respondent/Employer] agrees to provide, through the EEOC Respondent Portal, 1) the Respondent/Employer's EIN and 2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of the [respondent/employer/].

2. The EEOC has made no representations about whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

3. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

4. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

5. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Memphis District Office**

200 Jefferson Ave, Suite 1400
Memphis, TN  38103
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Memphis Direct Dial:  (901) 685-4590
FAX (901) 544-0111
Website:  www.eeoc.gov

### APPENDIX C

NOTICE TO EMPLOYEES

Barrett posts this Notice as part of a Consent Decree entered by the United States District Court for the Western District of Tennessee in the matter of *EEOC v. Supreme Staffing, LLC, and Barrett Distrib. Centers, LLC*, Civil Action No. 2:23-cv-02507.

Title VII of the Civil Rights Act of 1964, as amended (Title VII), prohibits retaliation against any employee or applicant for employment because the person engaged in protected activity under Title VII.

Barrett supports and will fully comply with federal law in all aspects and will not retaliate against any individual because they have exercised their rights under the law.

Barrett prohibits retaliation from its hiring managers, recruiters, management, and non-management employees. Defendants will take prompt and appropriate action to correct and prevent any such behavior.

Barrett encourages its employees, if they see, hear, observe, or learn of race or national origin discrimination, to report it without fear of retaliation.

Employees may contact the Memphis District EEOC office at 200 Jefferson, Suite 1400 Memphis, TN  38103 or eeoc.gov, if they believe they have been a victim of retaliation or witness retaliation.

This Notice will remain posted for three years.

SIGNED THIS ____DAY OF _____, 2024.

_____
President
Barrett Distribution Centers, LLC

11