**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 2:23-cv-02507-SHL-tmp** |
| **v.** | ) | |
| | ) | |
| **BARRETT DISTRIBUTION CENTERS, LLC and SUPREME STAFFING LLC,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

**SUPREME STAFFING'S BRIEF IN SUPPORT OF OPPOSITION TO
MOTION TO MODIFY SCHEDULING ORDER**

In filing this Motion, the EEOC makes a number of accusations and claims. The EEOC knows most of its accusations and claims are not supported by the record. This is why it declined to organize or number its exhibits, and why it generally refers to some exhibits but rarely quotes from them. To the extent any accusation or claim bears on this Motion, Supreme Staffing[1] directly addresses it below. Otherwise, although denied, Supreme Staffing will address any remaining accusation or claim at a later time.

**I.    APPLICABLE STANDARD**

"The Rules establish deadlines, and the Court—not counsel for the Parties—applies and enforces them, including deciding whether and when an extension of time is warranted." *Mid-South Supportive Living LLC*, 2:18-cv-02709-SHL-atc, Doc. 12, PageID 52-53. Under the Federal Rules of Civil Procedure, an extension may be obtained "only for good cause and with

---

[1] Defendant Supreme Staffing LLC.

the judge's consent." Fed. R. Civ. P. 16(b)(4). Such a modification is appropriate "only when a relevant deadline 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *E.E.O.C. v. U-Haul Intern., Inc*., 286 F.R.D. 322, 325 (W.D. Tenn. 2012) (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)). "Because a court's scheduling order," this Court has explained, "is not a frivolous piece of paper, idly entered . . . a movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order." *Birge v. Dollar Gen. Corp.*, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006). "The primary measure of Rule 16's 'good cause' standard," to be sure, "is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp*., 281 F.3d 613, 625 (6th Cir. 2002).

## II.    ARGUMENTS & AUTHORITIES

The EEOC—here, the moving party—has not been diligent so as to warrant generally resetting this matter's discovery period, as this Motion asks the Court to do. The EEOC, in short, has not met its burden. The Motion should be denied. *See, e.g.*, *Berry v. Specialized Loan Servicing,* WL 3485577, at *5 (W.D. Tenn. Feb. 24, 2020) ("The record, however, belies this position, leaving the Court to conclude that Plaintiff has failed to act diligently in attempting to comply with the Rule 16(b) scheduling order and has thus failed to establish good cause to modify the scheduling order deadline for amending pleadings.").

### A.    The EEOC has not been diligent with respect to any concern about when Supreme Staffing files an answer.

Supreme Staffing has not yet filed an answer due to a pending motion to dismiss. (*See* Motion, Doc. 18.) This issue was first addressed in November 2023, during the Scheduling Conference. (Minute Entry, Doc. 25.) "I certainly don't have a problem filing an answer on behalf of the second count," Supreme Staffing's counsel told the Court and all counsel. (*See*

4854-7611-5917

Transcript, Doc. 41, PageID 315, Lines 15-20.) "[I]f it pleases the Court or it's something that needs to be done, that's not an issue at the end of the day." (*Id.*) In response, the EEOC did not request that Supreme Staffing file a "provisional" answer. It did not request anything at all. For the next eight months, the EEOC likewise stayed silent. It did not raise the issue with counsel or the Court. The first anyone heard of any request for a "provisional" answer was when the EEOC included it in this Motion's prayer. (Brief in Support, PageID 143.) The EEOC has not been diligent with respect to any concern about when Supreme Staffing files an answer. The EEOC, instead, stayed silent. Its silence is not evidence of diligence. This Motion should be denied.

### B.    The EEOC has not been diligent with respect to written discovery.

Discovery opened in November 2023, following the Scheduling Conference. The EEOC waited until April 25, 2024, to serve written discovery. (*See* Service Email, Doc. 37-12, PageID 179.) The EEOC waited for five months to serve written discovery. It only did so as the deadline approached to complete written discovery.[2] The EEOC has not been diligent with respect to written discovery. The EEOC waited. Its delay is not evidence of diligence. This Motion should be denied.

### C.    The EEOC has not been diligent with respect to depositions.

Discovery opened in November 2023, following the Scheduling Conference. For depositions it wanted to take, in April 2024, the EEOC stated that it wished to depose four individuals: Borja, Serrato, Robles, and McCorkle. (April 17 Email, Doc. 37-8, PageID 162.) Supreme Staffing stated in response that it was "not opposed" to scheduling depositions "around the same time" as the depositions Supreme Staffing requested. (April 25 Email, Doc. 37-8,

---

[2] The deadline to complete written discovery was June 21, 2024. (Scheduling Order, Doc. 28, PageID 78.)

PageID 161.) The EEOC did not say anything more about its depositions until after it filed this Motion.[3]

For depositions Supreme Staffing wanted to take, Supreme Staffing sent draft notices in April 2024, including a draft 30(b)(6) notice. Supreme Staffing asked the EEOC to provide "available and unavailable dates in the months of May and June for these witnesses." (April 12 Email, Doc. 37-6, PageID 154-55.) "We can then finalize them, including as to location, and Defendant can formally serve them." (*Id.*) The EEOC responded that it "hope[d] to provide that information to [Supreme Staffing] early next week," the week of April 22. (April 17 Email, Doc. 37-6, PageID 161.) The Parties proceeded with negotiations regarding 30(b)(6) topics,[4] but the EEOC never provided any information regarding anyone's availability. As of June 13, the EEOC still had not engaged regarding scheduling or witness availability. Supreme Staffing proceeded with noticing the depositions it first requested back in April. (June 13 Email, Doc. 37-18, PageID 219.) The noticed depositions—seven in total—were set to begin on July 2 and conclude before the deposition deadline, July 22 (*see* Scheduling Order, Doc. 28, PageID 78). On June 26, the EEOC advised that it would not make witnesses available nor appear for any of the noticed depositions. True to its word, the EEOC did not do either. The depositions were not completed.[5]

---

[3] The EEOC filed this Motion on June 21, 2024. The following week, on June 26, the EEOC emailed a letter to Supreme Staffing advising that it now wished to take eleven depositions. This was the first time Supreme Staffing heard of this revised and expanded list.

[4] Supreme Staffing later revised its draft 30(b)(6) notice, following a call between counsel, and provided the revised draft to the EEOC. The EEOC stated that it would provide any additional comment or concerns by May 31, 2024. (May 28 Email, Doc. 37-18, PageID 220 ("get back to you . . . this week").) The EEOC did not; it never said anything more about the 30(b)(6) topics until it filed this Motion.

[5] Mr. Alvarez's deposition has since been re-noticed for July 22. According to the EEOC, Mr. Alvarez was not available for his July 2 deposition because he was "preparing to travel out of town from July 3-9th to deliver/bury his mother's ashes in Texas." The EEOC's notes state that Mr. Alvarez's mother passed in October 2020. (*See* EEOC File Notes, EEOC 1698, attached as

The EEOC has not been diligent with respect to depositions. The EEOC stayed silent on scheduling and prevented the completion of seven properly noticed depositions. Its silence and obstruction are not evidence of diligence. This Motion should be denied.

### D. The thumb drive the EEOC "recently learned of" does not show diligence, but rather a ploy to justify this Motion.

Supreme Staffing terminated Mr. Alvarez because he was working—on behalf of a competitor—to steal Supreme Staffing's employees and clients. Mr. Alvarez would later admit this to the EEOC. "[Mr. Alvarez] initially denied soliciting co-workers to join him in leaving Supreme Staffing," an EEOC Investigator summarized in October 2019, "but when confronted with text messages admitted the misconduct and reason for his firing." (*See* EEOC File Note, EEOC 1347, attached as Exhibit B.) Supreme Staffing has since learned that in preparing to leave and compete with Supreme Staffing, Mr. Alvarez took from Supreme Staffing a variety of information. Mr. Alvarez, for example, "downloaded file [sic] of all employees and client list, included every profile." (*See* EEOC File Note, EEOC 1698, attached as Exhibit A.) It is believed that the thumb drive is one of the places Mr. Alvarez saved his downloads. As the EEOC now concedes, this thumb drive is mentioned in the EEOC's "document production." (Declaration, Doc. 35-1, PageID 131, ¶ 16.) The EEOC, however, has otherwise stayed quiet about Mr. Alvarez's downloads, other documents in his possession, and the thumb drive.

Supreme Staffing has long suspected that the EEOC has been trying to hide Mr. Alvarez's actions—and, for example, hide the thumb drive. In the third lawsuit, during a March

---

Exhibit A.) The EEOC did not mention this trip at the time Supreme Staffing requested Mr. Alvarez's deposition in April, nor at the time Supreme Staffing noticed it in June.

4854-7611-5917

15 hearing, Supreme Staffing's counsel raised the fact that the EEOC still had not produced its

complete investigation file.[6]

> THE COURT: Right. And your impression, I understand, is that what you have
> received is the Aaron Thomas material, but not material as it relates to the
> investigation as to Supreme Staffing. Is that correct or incorrect?
>
> MR. BUSEY: No, that's correct, Your Honor. That is my impression.
>
> THE COURT: Well, let me go back. I'm just going to go back to counsel for the
> EEOC. With that clarification, is that right, that, basically, the Aaron Thomas
> file has been turned over apparently to Supreme Staffing as well as Aaron
> Thomas, but the Supreme Staffing file is in the process of being prepared so it
> can be turned over. Is that the correct status?
>
> MS. GRIFFIN-PACK: That is correct, Your Honor, with the exception that
> some of the documents in the Aaron Thomas file are also in the Supreme Staffing
> file, and so there's some overlap between the two files. And so the Commission
> is in the process of going through the Supreme file to make sure that there are
> no duplicates and providing that as well in its entirety.

(March 15, 2024 Transcript, 2:23-cv-02599-JPM-tmp, Doc. 66, PageID 597-98.) The EEOC still

has not produced the file in its entirety—omitting, at a minimum, all that Mr. Alvarez

downloaded from Supreme Staffing, including the thumb drive.

Supreme Staffing was prepared to root out all of this in the depositions it noticed. Given

the seriousness of the issue, Supreme Staffing wanted to confirm its suspicions before bringing

the issue to this Court's attention. The EEOC knew as much, filed this Motion, and spun up its

own narrative. This was all inadvertent, the EEOC now tells the Court, and Mr. Alvarez's

downloads are only "newly discovered." Neither are true. Supreme Staffing will have much

more to say about what the EEOC has done. For now, Supreme Staffing addresses only whether

any of this sustains the EEOC's Motion. It does not.

---

[6] The EEOC has apparently combined its productions across the various lawsuits. When the
EEOC tells the Court it has produced documents in this case, it means that it has produced
documents and left Supreme Staffing to decipher which production relates to which case.

The EEOC has known about Mr. Alvarez's downloads since at least 2019. In November 2019, Mr. Alvarez emailed the EEOC a client list he had downloaded from Supreme Staffing. (*See* EEOC/Alvarez Email, EEOC 1393, attached as Exhibit C.) A few weeks later, in December 2019, Mr. Alvarez sent over a zip file with his entire Supreme Staffing desktop: "I attached a copy of all desktop files while working at Supreme," Mr. Alvarez announced. (*See id.*) Although we do not yet know when the EEOC received the thumb drive, the EEOC has known since 2019 that Alvarez was in possession of everything he downloaded from Supreme Staffing. Yet the EEOC stayed silent about them.

The EEOC now justifies it silence by telling the Court that it knew nothing of Mr. Alvarez's downloads until counsel for a co-defendant raised the issue in the third lawsuit. (Declaration, Doc. 35-1, PageID 131, ¶ 16.) The EEOC claims it was notified on March 29, 2024. In reality, Supreme Staffing's counsel raised the EEOC's incomplete productions two weeks earlier, at the March 15 hearing in the third lawsuit. Regardless, as of March 2024, the EEOC was reminded of Mr. Alvarez's downloads. It, however, stayed silent about them.

It was not until the EEOC filed this Motion that the EEOC broke it silence and used Mr. Alvarez's downloads as grounds for granting this Motion. The EEOC's actions are a ploy and a concerning one. Whether the EEOC knew of Mr. Alvarez's downloads in 2019 or March 2024—it was 2019—sufficient time existed for the EEOC to review and produce them prior to the close of discovery in this matter. This is particularly true given that the downloads belong to Supreme Staffing. The assertion that the EEOC must review them for production is baseless. The downloads are Supreme Staffing's property. They should be returned to Supreme Staffing, not produced piecemeal back to Supreme Staffing. Piecemeal productions that as of this filing the EEOC still has not completed nor made clear if the productions have even started. The EEOC's

4854-7611-5917

silence regarding Mr. Alvarez's downloads, on the whole, are not evidence of diligence. This Motion should be denied.

### E.   Supreme Staffing has not contributed to the EEOC's lack of diligence, and it would be prejudiced by resetting the discovery period.

What remains of this Motion is the EEOC blaming Supreme Staffing for the EEOC's lack of diligence. The EEOC alleges multiple times that "Supreme failed to identify a single Supreme employee with information relevant to the case by name until its Second Supplemental Rule 26 disclosures, which were not served until June 7, 2024." (*See, e.g.*, Motion, Doc. 35, PageID 126.) This is not true. Supreme Staffing's First Supplemental Disclosures identified Supreme Staffing's owner, Mr. Borja, as well as a number of other witnesses. Supreme Staffing served those on April 25. (*See* Service Email, Doc. 37-8, PageID 161.) On June 7, in connection with its responses to written discovery and subpoena responses received by it, Supreme Staffing served its Second Supplemental Disclosures. At that time, out of an abundance of caution, Supreme Staffing listed as witnesses Supreme Staffing personnel identified by the EEOC on its Initial Disclosures (Vivar, McCorkle, and Serrato), as well as one additional Supreme Staffing employee (Perez) that was added due to the written discovery responses served at the same time. Supreme Staffing's witness disclosures has not contributed to the EEOC's lack of diligence.

The EEOC next alleges that "Supreme objected to every interrogatory and request to produce and produced limited responsive documents." (Memorandum, Doc., 36, PageID 139, 141.) The implication being that Supreme Staffing has not responded to written discovery. This also is not true. Supreme Staffing responded to the portions of written discovery to which it did not have an objection. Yes, for some requests for production, for example, there was no portion to which Supreme Staffing did not have an objection. (*See, e.g.*, Doc. 37-16, PageID 205-06, Requests 16-19 (requesting all financial statements and earnings).) But it is wrong to imply, as the EEOC does, that

Supreme Staffing has not responded to written discovery. Supreme Staffing's objections and responses, moreover, were timely. Relevant to this Motion is when the EEOC served the written discovery, and on service, the EEOC was not diligent. Supreme Staffing's objections and responses to written discovery has not contributed to the EEOC's lack of diligence.

Lastly, the EEOC alleges that "Supreme has instead resorted to unnecessarily adversarial tactics designed to delay this matter and let the discovery period expire before meaningful issues can be addressed. For example, Supreme, because it does not want to 'reset' discovery, rushed to serve deposition notices although the Parties were still negotiating terms." (Brief in Support, Doc. 36, PageID 142.) None of this is true. Supreme Staffing noticed its depositions because for sixty days the EEOC had not responded regarding scheduling or availability. With less than forty-five days left in discovery, Supreme Staffing had to notice the depositions it first requested back in April. There was no tactic. Supreme Staffing was trying to complete the depositions before the close of discovery.[7] The Parties were on pace to do so, but the EEOC did not appear for the depositions. Supreme Staffing has not contributed to the EEOC's lack of diligence.

Finally, the EEOC summarily asserts that Supreme Staffing will not be prejudiced if the Court grants this Motion. This also is not true. Supreme Staffing has developed its litigation strategy and made strategic decisions around what has occurred in discovery to date. Resetting this matter's discovery period, as this Motion asks the Court to do, forces Supreme Staffing to revise its litigation strategy and revisit decisions made to date. This includes the extent and scope of third-party discovery, the extent and scope of expert discovery, and the nature and number of

---

[7] Supreme Staffing confirmed as much in an earlier email to the EEOC. The EEOC did not include that email with its Motion because it does not fit the EEOC's narrative.

depositions Supreme Staffing has tried since April to complete. This would be both costly and prejudicial to Supreme Staffing. This Motion should be denied.

## III.    CONCLUSION

Before filing this Motion, the EEOC emailed Supreme Staffing to learn its position on this Motion:

> As you know the written discovery deadline in Barrett is June 21, 2024, and the deadline to complete all discovery is July 22, 2024. The Commission plans to seek a 120-day extension of the deadline. Please advise if your client opposes the motion.

(June 13 Email, Doc. 37-17, PageID 218.) The EEOC made no mention of the reasons it now offers to sustain its Motion.[8] It did not because those reasons do not; they do not sustain resetting this matter's discovery period.

Prior to filing this Motion, the EEOC had identified four depositions it wanted to take. Those could have been completed by the discovery deadline. Supreme Staffing had identified and noticed seven depositions. Those could have been completed—and were in fact noticed to be completed—by the discovery deadline. The same is true for whatever the EEOC hoped to complete with written discovery and document productions. Had the EEOC been diligent and not waited until nearly the close of written discovery, disputes could have been sorted and issues resolved before the close of discovery.

Instead, the EEOC stayed silent. It made no mention of any need for a "provisional" answer. It would not engage in discussions to schedule depositions. It delayed in serving its written discovery. It would not appear for noticed depositions. And the EEOC hid Mr. Alvarez's downloads until the last possible second. It did all of this to try and force the Court's hand, reset

---

[8] On May 23, Supreme Staffing responded to a separate email and invited the EEOC to send over whatever proposal it was contemplating regarding remaining case deadlines. The EEOC never did. Here, too, the EEOC does not include these emails with its Motion because they do not fit the EEOC's narrative.

this matter's discovery period, and prejudice Supreme Staffing. The EEOC's actions will warrant

further motion practice. A party cannot refuse to appear for seven properly noticed depositions

and expect otherwise. The EEOC's actions, however, Supreme Staffing submits, do not warrant

granting this Motion. They do not sustain resetting this matter's discovery period. This Motion

should be denied. Supreme Staffing requests any additional relief the Court deems warranted

under the circumstances.

    Respectfully submitted, this, the 8th day of July 2024.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**
Tennessee Bar No. 29763
zbusey@bakerdonelson.com

**WHITNEY M. DOWDY**
Tennessee Bar No. 24985
wdowdy@bakerdonelson.com

**MARY KATHERINE SMITH**
Tennessee Bar No. 35328
mkcampion@bakerdonelson.com

**DEAN J. SHAUGER**
Tennessee Bar No. 39746
dshauger@bakerdonelson.com

BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone

***Attorneys for Defendant Supreme Staffing***

4854-7611-5917

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing document with the Clerk of the

Court using the ECF system, which sent notification of such filing to all counsel of record.

This, the 8th day of July 2024.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**

4854-7611-5917