IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 2:23-cv-02507-SHL-tmp<br>) |
| SUPREME STAFFING, LLC, and BARRETT DISTRIBUTION CENTERS, LLC, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**ORDER GRANTING DEFENDANT SUPREME STAFFING'S PARTIAL MOTION TO DISMISS**

Before the Court is Defendant Supreme Staffing, LLC's ("Supreme") Motion to Dismiss, filed October 23, 2023, in which it seeks to dismiss Count I of Plaintiff Equal Employment Opportunity Commission's ("EEOC") complaint. (ECF No. 18.) The EEOC responded on November 20, 2023 (ECF No. 27), and Supreme replied on December 4, 2023 (ECF No. 29). For the reasons below, Supreme's motion is **GRANTED**.

**BACKGROUND**[1]

This is a two-count employment discrimination case. The EEOC alleges Supreme and Defendant Barrett Distribution Centers, LLC ("Barrett") violated Title VII of the Civil Rights Act of 1964 first by a retaliatory transfer of Francisco Alvarez, and second by a retaliatory discharge of him. Supreme is a staffing agency based in Memphis, Tennessee, with offices in eleven other states. (ECF No. 1 at PageID 2.) Barrett is a direct-to-consumer fulfillment service

---

[1] The facts herein are those from the complaint that are relevant to determining the motion and are accepted as true for that purpose.

provider with more than twenty facilities across the United States. (Id. at PageID 4.) Barrett staffs its facilities with workers provided by temporary staffing agencies, including Supreme. (Id.) Alvarez was one of the employees Supreme placed at Barrett. (Id.) There, he worked as the on-site manager for Supreme's employees. (Id.) He was the designated point of contact for all Supreme employees working at Barrett, and ensured Supreme provided sufficient staff, consistent with Barrett's requests. (Id. at PageID 5.) Supreme and Barrett were Alvarez's joint employer. (Id.)

Barrett scheduled Alvarez and the other Supreme employees at its facility and determined which Supreme workers could work for them, including approving or denying who was allowed to work on its job site. (Id.) Barrett was responsible for directly supervising all work performed by Supreme's associates at its business, including Alvarez's. (Id.) Barrett supervised and critiqued Alvarez's work performance, determined that it was unhappy with it, and requested his removal. (Id.)

While working as the on-site manager at Barrett, Alvarez witnessed Barrett giving preferential treatment to non-Hispanic workers, witnessed Barrett's "English only" policy, and witnessed Barrett denying Hispanic workers permanent job opportunities, as well as other job opportunities, because they could not speak English. (Id. at PageID 5–6.) One such incident involved Alvarez witnessing Barrett's human resources manager rip up an employment application because the applicant could not complete the "English" application without assistance. (Id. at PageID 6.)

Alvarez complained about that incident to Barrett's operations manager and general manager. (Id.) Neither manager addressed Alvarez's complaints. (Id.) Less than a month after Alvarez complained to Barrett about the discriminatory treatment, "Barrett contacted Supreme

and requested that Supreme remove Alvarez from Barrett's Memphis location." (Id.) According to Alvarez, Barrett's request was "in retaliation for Alvarez having complained about the discriminatory treatment." (Id.) Supreme complied with Barrett's request to remove Alvarez. (Id.) The EEOC asserts these actions were unlawfully retaliatory in violation of Title VII. (Id.)

Alvarez's removal from his position with Barrett forms the basis for the retaliatory transfer claim against both Defendants, which is Count I of the complaint. The EEOC also asserts that Supreme later terminated Alvarez, which forms the basis for Count II, the retaliatory discharge claim. Supreme's motion seeks only the dismissal of the retaliatory transfer charge against it. (ECF No. 19.) Supreme asserts that the claim cannot survive because "[n]o pleaded fact plausibly establishes Supreme Staffing's knowledge of any of the protected activity that forms the basis of Count I—which, as pleaded, was protected activity Mr. Alvarez purportedly engaged in with Barrett and while at Barrett." (Id. at PageID 37.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint for failure to comply with the requirements of Rule 8(a)(2). Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must contain sufficient facts to "state a claim to relief that is plausible on its face," meaning it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)). The complaint need not set forth "detailed factual allegations," but it must include more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (citing Twombly, 550

U.S. at 555, 557). When considering a 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Adkisson v. Jacobs Eng'g Grp., Inc., 790 F.3d 641, 647 (6th Cir. 2015) (internal citation omitted).

## ANALYSIS

According to Supreme, dismissal of Count I is warranted because all of the allegations contained in that count relate to actions taken by Barrett, and the complaint is bereft of any allegations that Supreme had any awareness of the allegedly unlawful bases for Barrett's demand that Alvarez be transferred.

The EEOC counters that "the fact that the Complaint does not contain a specific statement that Supreme had knowledge of Alvarez's protected activity is not fatal to this lawsuit," in part because the EEOC is not required to plead a prima facie case of discrimination at the pleading stage. (ECF No. 27 at PageID 71–72 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002).)

The EEOC is correct that, as an evidentiary standard and not a pleading standard, the McDonnell Douglas burden-shifting framework is inapplicable at the pleading stage. See Ogbonna-McGruder v. Austin Peay State Univ., 91 F.4th 833, 839 (6th Cir. 2024), cert. denied, No. 23-1238, 2024 WL 3089575 (U.S. June 24, 2024) (quoting Keys v. Humana, Inc., 684 F.3d 605, 608–09 (6th Cir. 2012) for the proposition that that application of the McDonnell Douglas prima facie case at the pleading stage is "contrary to the Federal Rules' structure of liberal pleading requirements"). Nevertheless, the fact that McDonnell Douglas burden-shifting is inapplicable at the pleading stage does not remove the pleading requirement that a party must allege "factual content that allows the court to draw the reasonable inference that the defendant is

4

liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  After all, "Swierkiewicz . . . 'did not change the law of pleading' . . . [a]s such, it offers no gateway for a plaintiff to side-step the 'plausibility' standard laid out in Twombly and Iqbal." Bady v. Illinois Cent. R.R. Co., No. 2:21-cv-2693-MSN-cgc, 2023 WL 2482229, at *2 (W.D. Tenn. Mar. 13, 2023) (quoting Smith v. Wrigley Mfg. Co., LLC, 749 Fed. App'x 446, 448–49 (6th Cir. 2018)).

The EEOC argues that it "specifically asserts Barrett communicated with Supreme and directed Supreme to remove Alvarez from Barrett's accounts because of Alvarez's complaints about discrimination."  (ECF No. 27 at PageID 72 (citing Complaint ¶¶ 47–49).)  The EEOC overstates those allegations.  Here are those paragraphs:

> 47. Less than a month after Alvarez complained to Barrett about the discriminatory treatment against Trinidad and other Hispanics, Barrett contacted Supreme and requested that Supreme remove Alvarez from Barrett's Memphis location.
> 48. Barrett requested that Supreme remove Alvarez from its worksite in retaliation for Alvarez having complained about the discriminatory treatment.
> 49. Supreme complied with Barrett's request to remove Alvarez as Barrett's on-site Supervisor.

(ECF No. 1 at PageID 6.)[2]  The EEOC asserts that those allegations "state more than a plausible claim for relief and are sufficient to raise a reasonable expectation that discovery will reveal dispositive evidence of whether discrimination occurred."  (ECF No. 27 at PageID 72.)  Although that assertion is consistent with Twombly's directive that the plausibility standard does not impose a probability requirement, the EEOC is not asking the Court to draw logical inferences on its behalf, but is instead asking the Court to re-write the complaint to include

---

[2] Elsewhere in the complaint, the EEOC asserts that "Barrett alleges it evaluated Alvarez's performance and was unhappy with it, and, as the evaluator of Alvarez's performance, requested his removal."  (ECF No. 1 at PageID 5.)

5

additional allegations and to then use those additional allegations as the basis for unlocking the doors to discovery.

To illustrate, the EEOC could have alleged in paragraph 47 of the complaint that "Barrett contacted Supreme and requested that Supreme remove Alvarez from Barrett's Memphis location <u>because he made complaints about racial discrimination</u>." If it had, it would have been clear that Supreme was alleged to have been on notice of the basis for Barrett's request to transfer Alvarez. If Supreme then complied with that request as the EEOC alleges, the complaint would have sufficiently implicated Supreme in the claim for retaliatory transfer.

Alternatively, the EEOC could have alleged in paragraph 49 of the complaint that "Supreme complied with Barrett's request to remove Alvarez as Barrett's on-site Supervisor <u>based on the complaints Alvarez made regarding racial discrimination</u>." That, too, would have sufficiently demonstrated Supreme's knowledge of Barrett's alleged discriminatory basis for wanting Alvarez transferred, and thus formed a plausible basis for the allegation that Supreme was liable for Alvarez's retaliatory transfer.

Of course, the EEOC did none of this. What the preceding paragraphs illustrate is that, to find that the EEOC stated a claim for retaliatory transfer against Supreme would require the Court to "conjure up unpleaded facts to support" those claims. See <u>Ongori v. City of Midland</u>, No. 16-2793, 2017 WL 6759111, at *1 (6th Cir. Sept. 8, 2017) (citing <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 437 (6th Cir. 1988)). That is beyond the Court's purview and cannot for the basis for defeating a motion to dismiss.[3] And, of course, the EEOC would need to have a basis to include the suggested additions, which the Court can only assume did not exist.

---

[3] To the extent the EEOC seeks to impute knowledge that Barrett has to Supreme based on the fact that they are joint employers, the allegation that the two entities were Alvarez's joint employers is the sort of unadorned legal conclusion that the Court need not accept as true in

The EEOC alternatively asserts that it has plausibly alleged that Supreme is liable for the retaliatory transfer violation because "Supreme removed Alvarez from Barrett's worksite less than a month after Alvarez engaged in protected activity," which "illustrates a causal connection between Alvarez's protected activity and Supreme's adverse action." (ECF No. 27 at PageID 73.) Here, the temporal proximity of the alleged unlawful action does not rescue the EEOC's claim from dismissal. Mere temporal proximity between the alleged protected activity and adverse action <u>may</u> implicate Barrett as being involved in the retaliatory transfer. However, as described above, the complaint contains no allegations that Supreme was aware of the alleged protected activity Alvarez engaged in. It is not plausible to suggest that Supreme took retaliatory actions based on activities that the EEOC has failed to allege it was aware of. <u>See</u> <u>Mangold v. Norfolk S. Ry. Co.</u>, No. 21-3059, 2021 WL 5904091, at *5 (6th Cir. Dec. 14, 2021) ("For how can decisionmakers retaliate against an employee for taking protected activity if they do not know about the protected activity?") (citation omitted). Because the EEOC has failed to allege that Supreme knew of the protected activities Alvarez engaged in, the Court cannot infer that Supreme took any action based on those activities.

## CONCLUSION

For the foregoing reasons, Supreme's Motion to Dismiss Count I of the EEOC's complaint against it is **GRANTED**.

**IT IS SO ORDERED,** this 22nd day of July, 2024.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE

---

ruling on a motion to dismiss. <u>See</u> <u>Hart v. Hillsdale Cnty., Mich.</u>, 973 F.3d 627, 636 (6th Cir. 2020) (citing <u>Iqbal</u>, 556 U.S. at 679).