# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Case No. 2:23-cv-02507-SHL-tmp ) |
| SUPREME STAFFING, LLC, and BARRETT DISTRIBUTION CENTERS, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL

Before the Court is Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion to Compel Discovery, filed July 10, 2024. (ECF No. 48.) Defendant Supreme Staffing, LLC ("Supreme") responded on July 24, 2024. (ECF No. 60.) On September 20, 2024, the Court held a status conference in this matter in which it addressed this and other pending motions with the Parties. (ECF No. 75.) At that conference, the Parties indicated that this Motion might be impacted by forthcoming rulings from the Court.

On October 16, the Court entered an Order to Provide Status Update, directing the Parties to provide an update indicating whether the issues in the Motion were resolved, whether it was otherwise moot, if it remained ripe for disposition, or if it should be stricken in anticipation of being amended. (ECF No. 82.) The Parties filed their joint status report on October 23, asserting that the Motion to Compel had not been resolved. (ECF No. 83.) The Parties stood on their briefing, although Supreme asserted that, "given the dismissal of one of two claims in this lawsuit, the scope

of discovery, especially the proportional needs of discovery, should be narrower compared to when the Motion was filed and both claims were pending." (See id. at PageID 773.)[1] Supreme indicated that it "believes this point is significant," but it did "not believe an additional round of briefing is needed to assert it." (ECF No. 83 at PageID 773–74.)

The Motion is therefore ripe for disposition. For the reasons described below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

A fulsome recitation of facts in this case can be found in several of the Court's previous orders. (See ECF Nos. 54, 80 & 87.) In short, the case involves allegations that Supreme, a staffing agency based in Memphis, Tennessee, violated Title VII by retaliating against Alvarez. In the Motion before the Court, the EEOC asserts that Supreme's responses to its initial discovery requests are deficient in multiple ways, and seeks an order compelling Supreme "to provide full and complete responses to the EEOC's initial discovery requests." (ECF No. 50 at PageID 437.)

The Motion first takes issue with several of Supreme's objections. To start, the EEOC asserts that the objections based on the EEOC seeking discovery into areas unrelated to the litigation, specifically into areas involving Barrett, are misplaced, as "information about Supreme's relationship with Barrett and Supreme and Barrett's conversations and discussions

---

[1] On May 8, 2024, the EEOC's claims against Barrett Distribution Centers, LLC ("Barrett"), were dismissed with prejudice, leaving Supreme as the lone Defendant. (ECF No. 34.) On July 22, 2024, the Court granted Supreme's Motion to Dismiss Count I of the EEOC's complaint, which alleged that Supreme violated Title VII of the Civil Rights Act of 1964 through a retaliatory transfer of Francisco Alvarez. (ECF No. 54.) That left the retaliatory discharge claim against Supreme as the lone surviving count. The Court denied the EEOC's motion to amend (ECF No. 80), and denied its motion to reconsider the motion denying the motion to amend (ECF No. 87).

about Alvarez remain relevant to the Commission's claims against Supreme." (Id. at PageID 441.)

The EEOC next argues that, to the extent Supreme lodges privilege objections to several of the EEOC's requests that seek information about "corporate designees" referenced in its disclosures, the objections are improper because the requests do not seek to pierce any privilege. (Id.) Finally, the EEOC asserts that Supreme's general objections based on the EEOC's requests being "multiple" requests are unsupported. (Id.)

Beyond the specific issues the EEOC identified with Supreme's objections, it asserts that, not only did "Supreme object[] to each of the Commission's production requests," but also that "[w]hen Supreme did produce documents, said documents were largely deficient." (Id.) To that end, the EEOC asserts that "Supreme produced no internal Supreme communications or Supreme's communications with Barrett regarding Alvarez's removal," and that Supreme "refuses to search for other responsive information," which is "improper and a clear attempt to evade the rules of discovery and unreasonably delay this case." (Id. at PageID 442.)

For its part, Supreme identifies several bases for denying the EEOC's motion in its entirety, both procedural and substantive. As to the procedural deficiencies, Supreme first asserts that the Motion should be denied because the EEOC failed to sufficiently confer with Supreme prior its filing. Next, it asserts that denial is warranted because, in most instances, the EEOC violates the local rules in that it "neither attaches nor quotes verbatim the request and any objection from the responding party." (ECF No 60 at PageID 544.)

Beyond these procedural deficiencies, Supreme argues that the Motion should be denied on substance because: (1) Supreme has not made any general objections; (2) Supreme has not wrongly identified an interrogatory or request as drafted to seek privileged or protected

3

information and document; (3) the EEOC continues to misconstrue the nature of Supreme's disclosures; (4) the Motion falsely equates oral communications with documents and written exchanges; (5) each argument as to specific requests has either been addressed, is unclear, or is baseless; and (6) the EEOC has not met its burden to demonstrate the relevance of Supreme's financial condition, making compelling documents related to that condition inappropriate. (Id. at PageID 538–45.)

## APPLICABLE LAW

"In this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and 'is . . . within the broad discretion of the trial court.'" Clark Const. Grp., Inc. v. City of Memphis, 229 F.R.D. 131, 137 (W.D. Tenn. 2005) (quoting Lewis v. ACB Business Servs. Inc., 135 F.3d 389, 402 (6th Cir. 1998)). Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) further provides that evaluating proportionality requires an evaluation of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

If the materials sought in discovery are relevant, "the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules." Solve Together, LLC v. Fedex Corp., No. 2:22-cv-02680-JTF-atc, 2023 WL 8605334, at *2 (W.D. Tenn. Nov. 20, 2023) (quoting Anderson v. Dillard's, Inc., 251 F.R.D. 307, 310 (W.D. Tenn. 2008) (collecting cases)).

Federal Rule of Civil Procedure 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection ... if ... (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Evasive or incomplete answers or responses are the equivalent of a failure to answer or respond. Fed. R. Civ. P. 37(a)(4). Rule 37(a)(5)(A) provides that, "[i]f the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). "If the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

## **ANALYSIS**

### I.  **Procedural Deficiencies**

Supreme begins by arguing that the Motion should be denied based on procedural deficiencies, the first being the EEOC's failure to confer in good faith. Supreme asserts that the EEOC "merely went through the 'exercise of consulting,'" and did not intend to achieve a resolution to the dispute prior to filing its motion. (ECF No. 60 at PageID 538–39.) Supreme argues that, "[m]erely going through the 'exercise of consulting' is not sufficient to satisfy the requirements" of Federal Rule of Civil Procedure 37(a)(2)(B) or Local Rule 7.2(a)(1)(B)). (Id. at

5

PageID 538 (quoting Aldridge v. City of Memphis, No. 05-2966-BV, 2007 WL 9706237, at *2 (W.D. Tenn. May 25, 2007).)

The EEOC's consultation could have been more thorough, and the Court notes that the Parties' efforts at resolving their discovery disputes throughout this and the related cases have often been less than satisfactory. Nevertheless, and in the interest of moving the litigation forward, the Motion will not be denied on these grounds. Going forward, the Parties are expected to make good faith efforts to resolve their disputes before bringing them to the Court. The failure to substantively engage in those discussions has resulted in the waste of significant judicial resources in this and the related matters.

Supreme's other procedural objection, that is, that the EEOC neither attached nor quoted verbatim its request and Supreme's objections to them, is less persuasive. Local Rule 26.1(b)(2) provides that motions to compel discovery shall: "(A) quote verbatim or attach copies of each deposition question, interrogatory, request for admission, or request for production to which objection has been taken or incomplete response has been given; and, (B) include the response and the grounds assigned for the objection (if not apparent from the objection), if any."

Supreme is correct that the EEOC's current Motion frequently failed to quote the discovery requests at issue or Supreme's responses thereto.[2] However, the EEOC referred in its

---

[2] The EEOC recently filed a motion to compel discovery in a related case before the undersigned involving both Parties in this case. See Equal Employment Opportunity Commission v. Supreme Staffing LLC; Better Placements Personnel LLC; and Inspire Hotel Staffing LLC, 22-cv-2668-SHL-tmp. (ECF Nos. 99 & 100.) There, the EEOC followed Local Rule 26.1(b)(2), but in so doing, ran afoul of Local Rule 7.2(e)'s requirement that "memoranda in support and in opposition to motions shall not exceed 20 pages in length." Where, as in that case and this one, there are multiple discovery requests that prompted the motion to compel and including the requests and responses in the memoranda would cause the document to exceed twenty pages, the best course of action is to refer to the alleged deficiencies in the memoranda, and to attach to the motion to compel copies of the discovery requests and the responses thereto, as Local Rule 26.1(b)(2)(A) allows.

Motion to the attachments to its previously filed Motion to Modify the Scheduling Order, which included the entirety of the discovery requests along with Supreme's responses. (See ECF No. 37-16.) Although it might have been more convenient to have those copies attached again to this Motion, the fact that they are on the docket elsewhere makes Supreme's objection one more of form than substance. To the extent Supreme sought denial of the Motion on these grounds, its position is not well-taken.

**II.    Substantive Claims**

Before evaluating the individual discovery requests, the Court addresses the broad issues the EEOC has identified with Supreme's objections, many of which are applicable to the individual requests.

A.  Objections to Barrett-Related Requests:

Supreme lodged objections based on "subject matter," which it asserted is valid based on the interrogatories going beyond the scope of this litigation, and because the "Interrogatory is open-ended and makes no effort to relate to any claim or defense in this matter." (ECF No. 37-16 at PageID 186.) To the extent Supreme has made any such an objection to Interrogatories that seek information related to Barrett, Supreme's former co-Defendant, the EEOC contends that, although it resolved its claims against Barrett, "information about Supreme's relationship with Barrett and Supreme and Barrett's conversations and discussions about Alvarez remain relevant to the Commission's claims against Supreme." (ECF No. 50 at PageID 441.)

The EEOC's position is well taken, given Alvarez's—and Supreme's—relationship with Barrett. Barrett's absence from the litigation does not diminish the relevance of information that relates to it. To the extent that Supreme has objected to producing documents related to Barrett or has objected to responding to interrogatories based on their aiming to uncover information

7

about Barrett and its relationship with Supreme and its involvement with Alvarez, that objection is overruled.

At the same time, Supreme is correct that, to the extent the EEOC is seeking the production of oral communications, their ephemeral nature makes that impossible. Moreover, Supreme is not obligated to create any documents in response to the EEOC's discovery requests. See Fed. R. Civ. P. 34(b)(2)(E); Harris v. Advance Am. Cash Advance Centers, Inc., 288 F.R.D. 170, 173 (S.D. Ohio 2012) ("a party need only produce existing documents, and not create documents, in response to a Rule 34 document request").

B. Objections Based on Privilege:

Supreme responded to multiple interrogatories and requests for production with the objection that they "call[] for privilege/protection." (See ECF No. 37-16 at PageID 188, 190–93, 201–03, 205–06.) "The burden of establishing the existence of the privilege rests with the person asserting it." United States v. Sadler, 24 F.4th 515, 557 (6th Cir. 2022) (quoting United States v. Dakota, 197 F.3d 821, 825 (6th Cir. 1999)). The privilege applies "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." Id. (quoting Reed v. Baxter, 134 F.3d 351, 355–56 (6th Cir. 1998)).

Under the Federal Rules,

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A).

8

Some of Supreme's objections based on privilege formed at least part of the basis for its refusal to engage in any effort at responding to the EEOC's discovery requests.  For instance, in response to the EEOC's first request for production, Supreme lodged several objections, including "multiple" and "calls for privilege/protection," and declared that, "in sum, [it] objects to undertaking any search based on or responding to this request."  (ECF No. 37-16 at PageID 201.)  Elsewhere, it explained that, based on its objections, which include "calls for privilege/protection," it was limiting how it was considering the interrogatory or request.  (See ECF No. 37-16 at PageID 190–93, 201.)

To the extent Supreme has failed to endeavor to find responsive documents based on a blanket assertion that what it might uncover would be privileged, such an approach does not satisfy its burden of establishing that the privilege applies.  To the extent that it uncovers documents that it argues are privileged, it can specifically object to the production of those documents, and provide a privilege log that details what the basis is for the assertion of privilege.  If it is not withholding documents based on privilege, it shall so say.

C.  Objections Based on Multiple Parts:

Supreme objected to Interrogatories 1 and 5–13 because they had discreet subparts.  Under Federal Rule of Civil Procedure 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."  The Advisory Committee Notes on the rule explain that "[p]arties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects."  Fed. R. Civ. P. 33(a) advisory committee's note to 1993 Amendment.  At the same time, "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place,

9

persons present, and contents be stated separately for each such communication." Id. If a question focuses on a common theme and subject matter, or if it elicits details concerning a common theme, they are considered to be one question. Greer v. Williams, No. 3:20-CV-00726, 2022 WL 1540411, at *2 (M.D. Tenn. May 16, 2022) (citing Taylor v. City of Lavergne, No. 3:07-0374, 2008 WL 11510398, at *1 (M.D. Tenn. Feb. 15, 2008). On the contrary, "an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purpose of the limitation." Id. (quoting 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2168.1 (3d ed. updated Apr. 2022).

Here, the EEOC propounded thirteen interrogatories. The only interrogatory that could be said to contain multiple questions is No. 5, which seeks information as to complaints made as to Francisco Alvarez or Constance Pruitt Armstrong. (ECF No. 37-16 at PageID 190.) The factual details related to complaints made regarding Alvarez and Armstrong are distinct. The remaining interrogatories, though often compound, each seek information related to a common theme. So, at most, the EEOC has propounded one additional interrogatory upon Defendants. Nevertheless, it does not appear that Supreme refused to respond to any interrogatories based on the EEOC having exceeded its allotted twenty-five, but, to the extent it has, it shall be required to do so now, consistent with the rest of this Order.

D. Objections Based on Time Period:

Supreme lodged objections to many requests based on the time period the EEOC relies on, either because the January 1, 2019 to the present period "goes beyond Mr. Alvarez's employment with Supreme Staffing" or because there is no time period described at all. (ECF No. 37-16 at PageID 187.) The Court agrees that, to the extent the EEOC has provided requests that are not confined by any time period, such requests are unduly burdensome and beyond the

10

proportional needs of the case. At the same time, to the extent that Supreme has used the EEOC's defined time period as the basis to not respond at all to certain discovery requests, that approach is also inappropriate. Therefore, for those discovery requests that the Court is ordering Supreme to respond to, it shall provide its responses for a time period it deems reasonable and can justify with legal support. The EEOC may argue for a broader time period than that selected by Supreme.

    E.  <u>Individual Discovery Requests</u>:

        1.  Interrogatory No. 3

This interrogatory asked Supreme to "[i]dentify all complaints of retaliation or racial discrimination made by anyone working in your facility during the relevant time." (ECF No. 50 at PageID 443.) Supreme objected on several grounds and then answered "as to whether, during his employment, Mr. Alvarez complained of retaliation or racial discrimination and states: No, during his employment with Supreme Staffing, Mr. Alvarez made no complaint of retaliation or racial discrimination." (Id. at PageID 443–44.) Supreme's objections based on overbreadth and vagueness are overruled and its corresponding limitation on its response is improper. It shall respond to the Interrogatory without limiting its response to Alvarez's actions.

        2.  Interrogatory No. 4

This interrogatory asked Supreme to "[i]dentify all complaints of retaliation or racial discrimination made by anyone working at Barrett's facility during the relevant time." (Id. at PageID 444.) Once again, Supreme offered several bases for its objections, and limited its response to "whether, during his employment, Supreme Staffing was aware of any complaints of retaliation or racial discrimination that Mr. Alvarez may have made to Barrett[.]" (Id. at PageID 444–45.)

11

Although Supreme is correct that it cannot be required to provide information outside of its possession, custody, or control, its remaining objections are not well-taken, nor is its unilateral decision to restrict its response to complaints that Alvarez made. To the extent it is aware of additional complaints made by others during the time period it identifies, it shall so say in a supplemental response.

      3.    Interrogatory No. 5

This interrogatory asked Supreme to "[i]dentify any complaints you received regarding Francisco Alvarez or Constance Pruitt Armstrong." (Id. at PageID 445.) Supreme once again objected on several grounds, including that the terms "identify" and "complaints" are undefined, and "answers this Interrogatory as to whether, during his employment, Supreme Staffing received any complaints regarding Mr. Alvarez[.]" (Id.) Supreme also noted that "Constance Pruitt . . . was never a Supreme Staffing employee." (Id.) To the extent that Supreme has not responded to the interrogatory based on any of its objections, it shall do so now. To the extent it received complaints about Armstrong, it shall also provide them now.

      4.    Interrogatory No. 6

This interrogatory asked Supreme to "[d]escribe all actions you took in response to any complaint identified in response to Interrogatory No. 5. Include in your response, a description of any investigation or corrective action or counseling regarding said complaints." (Id. at PageID 445–46.) Supreme incorporated its objections to Interrogatory No. 5, objected on additional grounds, including privilege/protection and multiple, and limited its answer "as to what, if anything, during Mr. Alvarez's employment, Supreme Staffing did in response to any complaint identified in Interrogatory No. 5[.]" (Id.) Supreme shall fully answer this interrogatory after providing its amended answer to Interrogatory No. 5, and, to the extent it is

12

withholding documents based on privilege, it shall abide by its obligations under Fed. R. Civ. P. 26(b)(5)(A).

      5. Interrogatory No. 8

This interrogatory asked Supreme to "[i]dentify each complaint of race discrimination or retaliation you received from persons who worked at Barrett during the relevant time. Include in your answer your actions in response to each complaint." (Id. at PageID 446.) Supreme lodged several objections, including that the interrogatory was cumulative and duplicative of interrogatories 4 and 7 and "answers this Interrogatory as to whether, during his employment, Supreme Staffing was aware of any complaints of retaliation or racial discrimination that Mr. Alvarez may have made to Barrett[.]" (Id.)

Supreme is correct in that there is overlap between interrogatory No. 4 and 8, as Interrogatory No. 4 would encompass complaints made to Supreme. The request that Supreme provide the actions it took in response to any such complaints distinguishes it from the previous requests, however. To that end, and because Supreme's other objections do not warrant allowing it to not respond to the interrogatory, it shall do so now.

      6. Interrogatory No. 13

This interrogatory asked Supreme to "[i]dentify all individuals who participated in the decision to remove Alvarez from the Barrett facility and describe the role of each in the decision-making process." (Id. at PageID 447.) Supreme objected on multiple grounds and stated that it does not "control[], oversee[], operate[], nor monitor[] Barrett's facility." (Id.) To that end, it "answers this Interrogatory as to whether it knows who made the decision at Barrett that Mr. Alvarez was not a good fit," and states that it "does not know who made that decision." (Id.) The EEOC "seeks a complete response" (id.), but, based on Supreme's response, it appears to

13

have received one.  If Supreme knows of any individuals who participated in the decision, it shall name them and describe their role in the decision, otherwise it has satisfactorily responded.

       7.    Request for Production Nos. 3, 4 & 7–9

These requests asked for the production of "all documents that constitute, reflect, relate to, or discuss any communications between Supreme and Barrett Distribution, Inc. regarding Francisco Alvarez's complaints of discrimination against Barrett"; "all documents relating to your investigation into Francisco Alvarez's complaint of racial discrimination and harassment against Barrett"; "documents which reflect, relate to, and/or describe the reasons Francisco Alvarez was removed from Barrett's facility and account"; "[p]roduce documents which reflect, relate to, and/or describe the reasons Francisco Alvarez was terminated from Supreme"; and "[p]roduce a copy of all complaints of racial discrimination and retaliation Supreme received about Barrett during the relevant time."  (ECF No. 37-16 at PageID 201–02, 203.)  Supreme objected on multiple grounds, and asserted that, during Alvarez's employment, it was not made aware of any complaint of discrimination or harassment by Alvarez against Barrett, nor was it given any documents describing or summarizing Barrett's decision.  (Id. at PageID 201–02, 203–04.)

As the EEOC points out, however, the record reflects that notes from Supreme's office manager reveal that Supreme was aware of complaints Alvarez made.  (ECF No. 50 at PageID 450.)  It is unclear whether Supreme has in its custody or control any documents that are responsive to these requests.  It clearly asserts that there are no documents that describe the reasons Alvarez was terminated from Supreme, but, given that Supreme had knowledge of at least some of Alvarez's complaints but denied it, Supreme shall conduct a search and provide any documents that are responsive to these requests to the extent it has yet to do so.

14

8. Request Nos. 5, 10–12 & 16–20

Supreme objected to each of these requests on various grounds and declared that it "objects to undertaking any search based on or responding to th[ese] Request[s]." See, e.g., ECF No. 37-16 at PageID 202.)  Each request is addressed in turn.

a. Request No. 5

This request asked Supreme to "[p]roduce all documents that constitute, reflect, relate to, or discuss any communications between Supreme Staffing and Barrett Distribution regarding Francisco Alvarez's employment with Barrett or Supreme." (Id. at PageID 202.)  Supreme objected on multiple grounds, including "subject matter, all info, multiple, time period, and calls for privilege/protection" and asserted that it is "vague, duplicative, and overly broad." (Id.)  Supreme shall search for communications regarding Alvarez's employment with Barrett or Supreme consistent with the time period that it has identified.  If it finds them, it shall produce them, subject to any claims of privilege and accompanying privilege log.

b. Request No. 10

This request asked Supreme to "[p]roduce all documents exchanged between Barrett and Supreme Staffing, LLC relating to the placement of temporary employees at Barrett's facility during the relevant time." (Id. at PageID 204.)  Supreme objected on several grounds, including "subject matter, all info, and time period," and asserted the reference to all documents exchanged is vague and overly broad. (Id.)  For the reasons previously articulated, and because the limitation that confines the request to those documents that relate to the placement of temporary employees gives this request sufficient detail, Supreme shall respond to this request consistent with the time period it has identified.

15

    c.   Request No. 11

This request asked Supreme to "[p]roduce a roster of people Francisco Alvarez supervised at Barrett's facility during the relevant time.  Include in your response the persons' contact information, title and current employment status."  (Id.)  If such a document exists, Supreme shall provide it.  If no such document exists, Supreme shall not be required to generate one in response to this request.

    d.   Request No. 12

This request asked Supreme to "[p]roduce a list of all persons who supervised Francisco Alvarez at Barrett during the relevant time.  Include in your response the persons' contact information, title and current employment status."  (Id.)  If such a document exists, Supreme shall provide it.  If no such document exists, Supreme shall not be required to generate one in response to this request.

    e.   Request Nos. 16–19

These requests sought financial-related documents from the three most recent fiscal years, including "Balance Sheets," "final Statements of Income," "Statements of Retained Earnings," and "final Statements of Cash Flow."  (Id. at PageID 205–06.)  Supreme objected to each "on the basis of subject matter, time period, and all info."  (Id. at PageID 205–06.)

The EEOC asserted that "[e]vidence of defendant's net worth and financial condition is relevant for discovery purposes when a plaintiff seeks punitive damages."  (ECF No. 50 at PageID 452 (quoting EEOC v. New Breed, No. 10-2696 A/P, 2011 WL 13098611 at *2 (W.D. Tenn. Nov. 15, 2011)).  In its response to the EEOC's Motion, Supreme asserted that "there are admittedly authorities on all sides of this issue," but "[t]he majority of courts tend to require a

16

plaintiff to provide some factual basis for punitive damages before allowing general discovery on the claim." (ECF No. 60 at PageID 544.)

Supreme's position is well-taken. Here, consistent with Supreme's assertions, "the burden and expense of producing this information . . . far outweighs its likely benefit at this stage in the litigation." Auston v. Home Realty Co. of Memphis, Inc., No. 2:08-cv-02434-SHM-dkv, 2011 WL 13162043, at *2 (W.D. Tenn. Feb. 22, 2011). If the EEOC establishes a basis for punitive damages, these financial-related discovery requests may be renewed.

      f.    Request No. 20

This request asked Supreme to "[p]roduce all documents, notes, memoranda, or writings of any kind which you will rely on in support of defenses against the claims of EEOC in this lawsuit." (ECF No. 37-16 at PageID 206.) Supreme objected based "subject matter, time period, all info, multiple, calls for privilege and protection." (Id.)

Although Request No. 20 is broad, it essentially is a restatement of Federal Rule of Civil Procedure 26(a)(1)(A)(ii)'s requirement that a party provide "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses" as part of initial disclosures. Those disclosures and responses must be supplemented under Rule 26(e). To the extent that Supreme has responsive documents that it has yet to produce consistent with Rule 26(e) or this request, it shall do so now. To the extent it is withholding documents based on privilege, it shall abide by its obligations under Fed. R. Civ. P. 26(b)(5)(A).

      9.    Request No. 13

This request asked Supreme to "[p]roduce all documents reflecting statements of any kind, whether oral or written, made by any management or non-management individual

17

employed by Supreme regarding the allegations in the EEOC's Complaint." (ECF No. 37-16 at PageID 204.) Supreme objected "on the basis of subject matter, all info, time period, multiple, and calls for privilege/protection." (Id. at PageID 205.)

Supreme also asserted that it "supplemented its response to this Request to identify the Bates numbers of the earlier-produced declarations it obtained." (ECF No. 60 at PageID 543.) Moreover, to the extent the EEOC seeks oral communications, as Supreme pointed out, oral communications cannot be produced in response to a request for production. (Id. at PageID 542.) Because Supreme has responded to this request to the extent that it is capable, it shall not be required to supplement the response.

### III.     Request for Attorney's Fees

The EEOC asserts that it "will, if this motion is granted, seek costs, fees, and any other relief this Court deems necessary under Fed. R. Civ. P. 37(a)(5)." (ECF No. 50 at PageID 453.) The Court will evaluate that request here to avoid the necessity of additional briefing.

Federal Rule of Civil Procedure 37(a)(5)(C) provides that, if a motion to compel discovery is granted in part and denied in part, the court may, "after giving an opportunity to be heard, apportion the reasonable expenses for the motion." "[T]he Court has greater discretion in deciding whether to award fees and costs under Rule 37(a)(5)(C) than it has under subsection (a)(5)(A)," which governs payment of expenses when a motion to compel is granted or if discovery is provided after the filing of the motion. SLS Franchise Sys. LLC v. Mid-State Lawn Servs. LLC, No. 2:20-cv-02076-JTF-atc, 2021 WL 6804170, at *7 (W.D. Tenn. Sept. 30, 2021) Canter v. Alkermes Blue Care Elect Preferred Provider Plan, No. 1:17-cv-399, 2019 WL 1760175, at *2 (S.D. Ohio Apr. 22, 2019)). "Factors that are relevant to whether an award of sanctions is warranted [under Rule 37(a)(5)(C)] include whether the party's 'failure to

18

sufficiently respond was willful or made in bad faith' and whether the party's failure to respond has prejudiced the party propounding the discovery." Id. (quoting Advantage Indus. Sys., LLC v. Aleris Rolled Prods., Inc., No. 4:18-cv-00113-JHM-hbb, 2020 WL 4432415, at *19 (W.D. Ky. Jul. 31, 2020)).

Here, the Court finds that Supreme did not act in bad faith and the Parties' ongoing discussions about resolving the motion to compel absent Court intervention illustrate that the positions each has taken throughout the process are not unreasonable. For these reasons, an award of attorneys' fees would be inappropriate here.

## CONCLUSION

Based on the foregoing, the EEOC's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**. Supreme shall provide responses to the discovery requests, as outlined in this Order, within thirty days of its entry.

**IT IS SO ORDERED,** this 6th day of March, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE